UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MIGUEL ANGEL LOPEZ ESTEBAN,<br><br>Petitioner,<br><br>v.<br><br>WARDEN-FACILITY ADMINISTRATOR OF NORTHWEST PROCESSING CENTER, et al.,<br><br>Respondents. | CASE NO. 2:26-cv-02548-JHC<br><br>ORDER |

This matter comes before the Court sua sponte. Before the Court is Miguel Angel Lopez Esteban's Writ of Habeas Corpus. *See* Dkt. # 1. The matter is fully briefed and ripe for consideration. *See* Dkt. # 1, 5, 9. But upon reviewing the materials filed in support of and in opposition to the Petition, the rest of the record, and the governing law, the Court requires supplemental briefing.

Petitioner, who is pro se, raises several grounds for relief, and throughout his brief he more informally references several other bases for relief. *See* Dkt. # 1 at 9-12. One such basis is "abuse of discretion in the custody hearing." Dkt. # 1-1 at 6-7 (capitalization normalized) (describing the IJ's finding as "a flagrant abuse of discretion and a clear violation of Due Process"); *see also* Dkt. # 1-2. Petitioner more clearly raises this as a claim on reply. Dkt. # 1-2

at 3; Dkt. # 9 at 1-2, 4-5, 6-10 (replying that the Government does not show that Petitioner "received a constitutionally adequate custody evaluation or that his individual guarantees were weighed"). Petitioner's original filing supports his claim with an affidavit describing facts that indicate the bond hearing may have involved constitutional violations or clear legal error, including listing factual inaccuracies in his immigration record that may have affected the immigration judge's findings. Dkt. # 1-2 at 4-6, 8-10; *id.* at 14-56.

The Court has jurisdiction to review bond determinations for constitutional claims and clear legal error. *See Martinez v. Clark*, 124 F.4th 775, 781-82 (9th Cir. 2024); *see also Soriano v. Hernandez*, __F. Supp. __, 2026 WL 969764, *2-3 (W.D. Wash. Apr. 10, 2026). While ordinarily a claim raised for the first time in the traverse will not be considered, because Petitioner is detained, pro se, and seemingly attempted to raise the claim in the Petition, the Court exercises its discretion to consider the challenge to the bond hearing. *See Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013) ("Courts in this circuit have an obligation to give a liberal construction to the filings of pro se litigants, especially when they are civil rights claims by [incarcerated persons].") (citation omitted).

Still, Respondents were not on notice of this challenge and have not fully briefed the issue.[1] The Court thus provides Respondents leave to submit a supplemental response specifically considering the constitutional and clear legal error challenge Petitioner raises as to his February 9, 2026 bond hearing. *See* Dkt. # 9 at 1-2, 4-5, 6-10. The Court also provides Petitioner leave to file an optional reply. *See e.g.*, *Ortega v. Scott*, 2026 WL 1649012, at *1 (W.D. Wash. June 8, 2026) (directing the Government to file a supplemental brief addressing an

---

[1] Respondents did not brief the substantive challenge to the bond hearing. *See generally* Dkt. # 5. But they did briefly discuss that "[t]o the extent that Petitioner is now challenging the IJ's bond order, *see* Pet. at 6-7, Petitioner has not exhausted his administrative remedies." Dkt. # 5 at 9. Respondents may re-brief the question of exhaustion or rely on its previous briefing.

issue raised for the first time in habeas petitioner's traverse and granting petitioner leave to reply); *Pablo v. ICE Field Off. Dir.*, 2026 WL 1931749, at *1 (W.D. Wash. July 2, 2026) (same).

Additionally, Respondent have submitted the February 9, 2026 bond denial order, *see* Dkt. # 8-3, but no other information was provided. Thus, the Court DIRECTS Respondents to submit any materials related to the February 9, 2026 bond hearing, including, but not limited to, a transcript and recording of the hearing. If no such information exists, the Government must submit a declaration stating such. *See, e.g.*, *Orellana v. Warden, California City Corr. Ctr., et al.*, 2026 WL 1708298, at *1 (E.D. Cal. June 12, 2026) (previously ordering respondents to submit supplemental briefing where the necessary background information was not initially provided); *Pablo*, 2026 WL 1931749 (same).

For these reasons, Respondents are ORDERED to file its supplemental brief on the bond denial question described above and in Petitioner's traverse no later than August 31, 2026. Also, Respondents are ORDERED to submit the necessary factual information for the Court to consider the Petition no later than August 31, 2026. Petitioner may file his optional supplemental brief in reply no later than September 7, 2026. The Court DIRECTS the Clerk to re-note the petition for September 7, 2026.

The Clerk is DIRECTED to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 24th day of August, 2026.

John H. Chun
United States District Judge